**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg**

**CHARLES W. FERGUSON,**

        Plaintiff,

    v.                          **Civil Action No. 3:10-CV-116**
                                    Judge Bailey

**JOHN DOE** and **NATIONAL
CASUALTY COMPANY**,

        Defendants.

## ORDER DENYING MOTION TO REMAND

Pending before this Court is Plaintiff's Motion for Remand and Incorporated Memorandum in Support (Doc. 7). For the reasons hereinafter stated, the Motion will be denied.

This civil action was filed in the Circuit Court of Mineral County, West Virginia, on October 20, 2010. The defendant timely removed the action to this Court on November 24, 2010 (Doc. 3). The Motion for Remand was filed on December 13, 2010. National Casualty Company's Response to Plaintiff's Motion for Remand was filed on December 27, 2010.

The Motion to remand is based upon the contention that the jurisdictional amount in controversy is not satisfied.

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" ***Maryland Stadium Authority v. Ellerbe Becket Incorporated***, 407 F.3d 255, 260 (4th Cir. 2005), citing ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir.

1

1994). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. ***Shamrock Oil & Gas Corp. v. Sheets***, 313 U.S. 100 (1941).

If federal jurisdiction is doubtful, a remand to state court is required. ***Maryland Stadium***, 407 F.3d at 260. On the other hand, if this Court has jurisdiction, it is required to exercise it. ***Gum v. General Electric Co.***, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claim exceeds the jurisdictional amount. ***Landmark Corp. v. Apogee Coal Co.***, 945 F.Supp. 932, 935 (S.D. W.Va. 1996). Often, this burden is settled without argument because a plaintiff's good-faith claim for specific monetary damages in the complaint binds the defendant. ***St. Paul Mercury Indem. Co. v. Red Cab Co.***, 303 U.S. 283, 288 (1938); *see also* ***Horton v. Liberty Mut. Ins. Co.***, 367 U.S. 348, 353 (1961) (stating that general federal rule is that complaint determines the amount in controversy and, consequently, federal jurisdiction). However, when the complaint's *ad damnum* clause does not specifically state the amount in controversy, several courts require the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. ***Tapscott v. MS Dealer Serv. Corp.***, 77 F.3d 1353, 1357 (11th Cir. 1996); ***De Aguilar v. Boeing Co.***, 11 F.3d 55, 58 (5th Cir. 1993); ***Gafford v. Gen. Elec. Co.***, 997 F.2d 150, 158 (6th Cir. 1993); ***Sanchez v. Monumental Life Ins. Co.***, 102 F.3d 398, 403-

04 (9th Cir. 1996); ***Lohan v. Am. Express Co.***, No. 2:09-613, 2009 U.S. Dist. LEXIS 74033 (S.D. W.Va. Aug. 19, 2009); ***Allman v. Chancellor Health Partners, Inc.***, No. 5:08-cv-155, 2009 U.S. Dist. LEXIS 57022 (N.D. W.Va. Mar. 2, 2009). It has been said that the preponderance of the evidence standard strikes "the proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction." ***Tapscott***, 77 F.3d at 1357.

In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. ***Landmark Corp.***, 945 F.Supp. at 935 (citing ***Tapscott***, 77 F.3d at 1357). To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.00. *See* ***Gaus v. Miles, Inc.***, 980 F.2d 564, 567 (9th Cir. 1992). Instead, a defendant seeking removal must "supply evidence to support his claim regarding the amount at issue in the case." ***Sayre v. Potts***, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999).

Specifically, the amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id.* (citing ***Landmark Corp.***, 945 F.Supp. at 636-37). To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. ***Weddington v. Ford Motor Credit Co.***, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* ***Mullins v. Harry's Mobile Homes***, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that a court may consider complaint, removal petition, and "other relevant matters in the file"). Finally, in

3

resolving the amount in controversy issue, a court "is not required to leave its common sense behind." *Mullins*, 861 F.Supp. at 24.

Upon a careful review of the face of the Complaint, the Court finds that an independent evaluation of the remaining record will be necessary to determine whether the jurisdictional amount has been satisfied.

National Casualty has included with its response to the Motion certain letters from plaintiff's counsel. The first letter claims medical expenses in excess of $5,800 (Doc. 9-2). The second letter claims lost wages in excess of $250,000 (Doc. 9-3). The final letter, dated less than six weeks prior to the filing of this action, notes that the coverage limits are $100,000 and demands $90,000 to settle the suit. Such materials are properly considered in determining the amount in controversy. *Sayre v. Potts*, 35 F.Supp.2d 881.

These materials clearly satisfy the defendants' burden of demonstrating by a preponderance of the evidence that the jurisdictional amount is satisfied.

For the reasons stated above, the Plaintiff's Motion for Remand and Incorporated Memorandum in Support **(Doc. 7)** is **DENIED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED:** January 7, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE